

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Donald Allums
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. 0-6091
Re: (1) Division of a County
into Commissioners' Pre-
cincts.
(2) Division of road and
bridge fund of a county
between the four commis-
sioners.

Your letter of a recent date requesting an opinion
from this department is, in part, as follows:

"The Commissioners' Court of Hardin County,
Texas, has requested me to write you for a ruling
on two matters that are presently under consider-
ation by the Court.

"The first of these matters has to do with
the division of a county into commissioners' pre-
cincts as provided by Art. 5, Sec. 18 of the
Constitution of the State of Texas. This may be
done at any time, or from time to time, for the
convenience of the people. The question that is
presented is what proof must be made that a change
in precinct lines is 'for the convenience of the
people.' Also is a hearing of any kind necessary
to establish facts to show what would be for the
convenience of the people, and, if not, what basis
in fact must be shown to justify a reorganization.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Donald Allums, Page 2

"The second matter has to do with the division of the road and bridge fund of the county between the four commissioners. This is covered by Art. 6740 of the Revised Civil Statutes of 1925 which provides that such funds shall be equitably expended and 'as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct.' Various cases have held that an equal division between the four commissioners is not proper, lacking proof of other inequalities, where the valuations are disproportionate. In this connection the Court would like to know what proceedure to follow in determining a distribution of funds, and the factors which would enter into the establishment of a division of funds other than on a basis of valuation of the precincts. Is a hearing necessary, and if so, what facts are purtenant in considering how the funds should be divided."

Section 18 of Article V of our State Constitution is as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioners' Court, provided for by this Constitution. In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8000 or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall

Hon. Donald Allums, Page 3

compose the County Commissioners Court, which
shall exercise such powers and jurisdiction over
all county business, as is conferred by this Con-
stitution and the laws of the State, or as may be
hereafter prescribed."

In the case of Turner v. Allen, 254 S. W. 630, the
Court of Civil Appeals in construing Sec. 18 of Art. V of the
Constitution states the following on page 636:

"By section 18, art. 5, of the Constitution
of this state, the commissioners' court is vested
with authority to change and re-establish 'from time
to time' county commissioners' precincts 'for the
convenience of the people.' It is clear from this
provision of the Constitution that the county com-
missioners' court in Texas is given the power and
authority to change and re-establish county commis-
sioners' precincts at any time they may deem it to
be for the convenience of the people to do so, and,
when such authority and power so conferred is exer-
cised by that court, its action is not void. The
action may be reviewed or corrected, when erron-
eously or wrongfully or improperly exercised, by a
proper proceeding for that purpose, but such action,
though it amounts to a gross abuse of the court's
discretion, and though it, in effect, constitutes
a legal fraud upon persons who may be affected by
the court's action, is not void, and cannot be at-
tacked or impeached collaterally. . . ."

It is stated in Lewis v. Harris, 48 S. W. (2d) 730,
732, as follows:

"As applied to different situations, the
phrase 'convenience of the people,' as used in the
Constitution, may have different meanings, but in our
opinion it cannot properly be construed as imposing
upon a commissioners' court the absolute duty of re-
arranging the boundaries of commissioners' precincts,
from time to time, so as to accord to each precinct
representation upon and power of control of the com-
missioners' court in proportion to their respective
populations, voting strengths, and taxable valuations.
. . . ."

Hon. Donald Allums, Page 4

See the cases of Duboso v. Wood, 162 S. W. 3; and Ward v. Bond, 10 S. W. (2d) 509, for similar holdings.

In view of the foregoing it is the opinion of this department that by virtue of Sec. 18 of Art. V of the State Constitution the Commissioners' Court is vested with authority to change and re-establish from time to time county commissioners' precincts for the "convenience of the people." We know of no provision in the statutes or the Constitution of this State requiring a hearing to establish facts to show that would be for the convenience of the people. The question is left to the sound discretion of the Commissioners' Court, and they may determine the question in any manner they see fit so long as their action does not constitute a gross abuse of their discretion. We are herewith enclosing a copy of our Opinion No. 0-5987 for your consideration. We trust this answers your first question.

Your second question is answered by Opinion No. 0-1091, a copy of which is herewith enclosed, wherein it holds:

". . . . the distribution of the monies in the county road and bridge fund is governed by article 6675a-10, Article 6740 and the rule laid down in the case of Stovall v. Shivers, supra.

"As for that portion of the county road and bridge fund consisting of automobile registration fees paid into the fund of article 6675a, section 10, is controlling. It is our opinion that in expending this portion of the fund for the purposes expressly set out in section 10 of article 6675a, the commissioners' court of the county shall regard the roads and highways of the county as a system to be built, improved and maintained as a whole to the best interests and welfare of all the people of the county and of all the precincts of the county.

"In respect to the county raised monies, they must be 'judiciously and equitably' expended. While the statute (Art. 6740, supra) contemplates that the monies shall be expended in each commissioners precinct in proportion to the amount collected in such precinct, the commissioners' court is not compelled to follow any mathematical formula in dividing the fund, .

"Cases or conditions of necessity justify the commissioners' court's departure from the rule which is that 'each precinct shall prima facie be entitled to its own fund.'"

Trusting we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *J. C. Davis, Jr.*
     J. C. Davis, Jr.
       Assistant

By *John Reeves*
     John Reeves

JR:fb

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN